**FILED**
JAMES J. VILT, JR. - CLERK

OCT 27 2025

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                                CRIMINAL NO. 1:23-CR-37-GNS

JAMES CLARK                                                DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky, and defendant, James Clark, and his attorney, Ryan Robey, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Superseding Indictment in this case with violations of Title 18, United States Code, Sections 2251(a), 2251(e), 2252A(a)(2), 2252A(b)(1), 2422(b), 2261A(2)(B), 2261(B)(a), and 1512(b)(3). Defendant further acknowledges that the Superseding Indictment in this case seeks forfeiture of all visual depictions which were produced, transported, mailed, shipped or received in violation of the law, and all of the rights, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, including but not limited to the following: Dell Laptop, model PP35L, with serial number: HD9K7K1; Apple iPhone 12 Pro Max, gold in color and in black Otterbox; Apple Tablet, model A2379, with serial number F3D7424NJ; Apple iPhone 14 ProMax, model A2651, with serial number GVY6L6QC6H; Apple iPhone 13, with flower case; Apple iPhone 14 Pro Max, silver in color with black case; and Apple iPhone, red in

color with clear case, pursuant to Title 18, United States Code, Sections 2253 and 2428, by reason of the offenses charged in Counts 1-9 of the Superseding Indictment.

2. Defendant has read the charges against him contained in the Superseding Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1-9 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

On or about and between April 9, 2022, and July 23, 2022, in the Western District of Kentucky, Cumberland County, Kentucky, and elsewhere, the defendant, James Clark, knowingly employed, used, persuaded, induced, enticed, and coerced Jane Doe I, a minor, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and that such visual depiction was actually transmitted using any means or facility of interstate commerce and in interstate commerce by computer.

On or about and between April 9, 2022, and July 23, 2022, in the Western District of Kentucky, Cumberland County, Kentucky, and elsewhere, the defendant, James Clark, knowingly received 7 videos and 22 pictures from Jane Doe I which depicted child pornography.

On or about and between January 1, 2020, and July 27, 2023, in the Western District of Kentucky, Cumberland County, Kentucky, and elsewhere, the defendant, James Clark, using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce Jane Doe I, an individual who had not attained the age of eighteen years, to engage in sexual activity for which a person may be charged with a criminal offense.

On or about and between October 1, 2022, and July 27, 2023, in the Western District of Kentucky, Cumberland County, Kentucky, and elsewhere, the defendant, James Clark, using

2

a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce Jane Doe II, an individual who had not attained the age of eighteen years, to engage in sexual activity for which a person may be charged with a criminal offense.

On or about and between April 1, 2023, and July 27, 2023, in the Western District of Kentucky, Cumberland County, Kentucky, and elsewhere, the defendant, James Clark, using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce Jane Doe III and Jane Doe IV, individuals who had not attained the age of eighteen years, to engage in sexual activity for which a person may be charged with a criminal offense.

On or about and between January 1, 2022, and July 27, 2023, in the Western District of Kentucky, Cumberland County, Kentucky, and elsewhere, the defendant, James Clark, using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce Jane Doe V, an individual who had not attained the age of eighteen years, to engage in sexual activity for which a person may be charged with a criminal offense.

On or about and between January 1, 2020, and July 27, 2023, in the Western District of Kentucky, Cumberland County, Kentucky, and elsewhere, the defendant, James Clark, with the intent to kill, injury, harass and intimidate Jane Doe I, Jane Doe II, Jane Doe III, Jane Doe IV, and Jane Doe V, individuals who had not attained the age of eighteen years, used interactive computer services, electronic communication services, and an electronics communication system of interstate commerce, to engage in a course of conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to Jane Doe I, Jane Doe II, Jane Doe III, Jane Doe IV, and Jane Doe V.

On or about and between December 8, 2022, and July 27, 2023, in the Western District of Kentucky, Warren County, Kentucky, and elsewhere, the defendant, James Clark, did knowingly attempt to intimidate, threaten, and corruptly persuade Jane Doe I, by attempting to hide Jane Doe I from law enforcement and by threatening Jane Doe I, with the intent to hinder, delay, and prevent the communication by Jane Doe I to a law enforcement officer of information relating to the commission of a federal offense.

More specifically, the defendant used social media networks to persuade, induce, entice, and coerce five minor victims, who were all under the age of 18 years old, to send him sexually explicit images and videos of themselves. In exchange for sending the sexually explicit images and videos, the defendant would pay the minor victims or buy them gifts. In some instances, if the minor victims refused to comply with the defendant's demands, the defendant would make false reports to CPS and the housing authority and threaten to send their nude images and videos to other individuals.  The defendant also attempted to prevent Jane Doe I from speaking with law enforcement regarding their investigation of the defendant, by offering her money in exchange for not talking to the police and by purchasing a hotel room for her to hide in. All of these incidents occurred in the Western District of Kentucky.

4.    Defendant understands that the charges to which he will plead guilty carries a

combined minimum term of imprisonment of 15 years, a combined maximum term of

3

imprisonment of life, a combined maximum fine of $2,250,000 and supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit all visual depictions which were produced, transported, mailed, shipped or received in violation of the law, and all of the rights, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, including but not limited to the following: Dell Laptop, model PP35L, with serial number: HD9K7K1; Apple iPhone 12 Pro Max, gold in color and in black Otterbox; Apple Tablet, model A2379, with serial number F3D7424NJ; Apple iPhone 14 ProMax, model A2651, with serial number GVY6L6QC6H; Apple iPhone 13, with flower case; Apple iPhone 14 Pro Max, silver in color with black case; and Apple iPhone, red in color with clear case.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea

4

may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.     Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7.     Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A. If defendant persists in a plea of not guilty to the charge[s] against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C. At a trial, defendant would have a privilege against self-incrimination, and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the Superseding Indictment counts to which he pleads guilty.

9.      Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct and is not limited to the counts of conviction. The parties agree and stipulate that Defendant shall pay restitution in the amount of $15,000 ($3,000 for each of the five victims). The parties agree that the restitution shall be ordered due and payable on the date of sentencing. Defendant agrees that any payment schedule imposed by the Court is without prejudice to the United States to take all actions available to it to collect the full amount of the restitution at any time. Restitution payments shall be made payable to the U.S. District Court Clerk at Gene Snyder Courthouse, 601 W. Broadway, Louisville, KY 40202.

Defendant agrees that not later than 45 days from entry of the Plea Agreement, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's assets/financial interests. Defendant authorizes the United States to run credit bureau reports prior to sentencing, and Defendant will sign releases authorizing the United States to obtain Defendant's financial records. Defendant understands that these assets and financial interests include all assets and financial interests in which Defendant has an interest, direct or indirect, whether held in Defendant's own name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since the date of the first offense, including the location of the assets

6

and the identity of the third party(ies). Defendant agrees that the United States may share the contents of the reports and financial disclosures with the Court and U.S. Probation.

Defendant agrees to submit to a deposition in aid of collection at times and places that the United States directs. If the Defendant has a financial advisor or accountant, Defendant agrees, at his expense, to make them available to aid the United States in determining Defendant's net worth. Defendant authorizes the United States to file notice of Lis Pendens prior to judgment on any real property Defendant owns either individually or jointly. Defendant agrees to his name and debt being added to the Treasury Offset Program.

Upon execution of the Plea Agreement, Defendant agrees not to transfer, sell, or secrete any of Defendant's property, real or personal, held jointly, individually or by nominee/third party, valued at $5,000 or more without first advising the United States not less than 10 days before the proposed sale or transfer. Defendant agrees that failure to comply with any of the provisions of this Agreement constitutes a material breach of the Plea Agreement and Defendant agrees that the United States is relieved of its obligations under this Agreement and/or may not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). However, the Defendant may not withdraw his guilty plea because of his breach. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 30 and will pay the assessment in the amount $900 ($100 per count for felony offenses) to the United States District Court Clerk's Office by the date of sentencing.

7

11.    At the time of sentencing, the United States and the defendant agree to the

following:

-agree that a sentence of 27.5 years is the appropriate disposition in
this case.

-agree that a fine at the lowest end of the applicable Guideline
Range is appropriate and is to be due and payable on the date of
sentencing.[1]

-agree to a term of life on supervised release.

-agree to pay restitution in the amount of $15,000 ($3,000 for each
of the five victims).

-Defendant agrees to have no contact with all five victims in this
case.

-agree that a reduction of 3 levels below the otherwise applicable
Guideline for "acceptance of responsibility" as provided by
§3E1.1(a) and (b) is appropriate, provided the defendant does not
engage in future conduct which violates any federal or state law,
violates a condition of bond, constitutes obstruction of justice, or
otherwise demonstrates a lack of acceptance of responsibility.
Should such conduct occur and the United States, therefore,
opposes the reduction for acceptance, this plea agreement remains
binding and the defendant will not be allowed to withdraw his plea.

-Defendant agrees to forfeit of all visual depictions which were
produced, transported, mailed, shipped or received in violation of
the law, and all of the rights, title, and interests in any property,
real or personal, used or intended to be used to commit or to
promote the commission of such offenses, including but not
limited to the following: Dell Laptop, model PP35L, with serial
number: HD9K7K1; Apple iPhone 12 Pro Max, gold in color and
in black Otterbox; Apple Tablet, model A2379, with serial number
F3D7424NJ; Apple iPhone 14 ProMax, model A2651, with serial
number GVY6L6QC6H; Apple iPhone 13, with flower case;
Apple iPhone 14 Pro Max, silver in color with black case; and
Apple iPhone, red in color with clear case.

12.    Defendant agrees to the following waivers of appellate and post-conviction rights:

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Superseding Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C. The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for under USSG §1B1.13(b)(6) ("Unusually Long Sentence").

13. This Agreement is entered into by the United States on the basis of the express representation of defendant that he is making a full and complete disclosure of all assets over which he exercises control.

14. Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control: Dell Laptop, model PP35L, with serial number: HD9K7K1; Apple iPhone 12 Pro Max, gold in color and in black Otterbox; Apple Tablet, model A2379, with serial number F3D7424NJ; Apple iPhone 14 ProMax, model A2651, with serial number GVY6L6QC6H; Apple iPhone 13, with flower case; Apple iPhone 14 Pro Max, silver in color with black case; and Apple iPhone, red in color with clear case.

15. By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 24 and 25 above and to take whatever steps are necessary to pass clear title to the

9

United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

16.    Defendant agrees to a pre-plea investigation by the United States Marshal's Service for the purpose of assessing the value of each and every asset. Defendant agrees to undergo a full debriefing in order to accomplish this end.

17.    Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Superseding Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Superseding Indictment based upon any pending or completed administrative or civil forfeiture actions.

18.    Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed and title to all assets has fully vested in the United States. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

19.    The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20.    Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue

Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service. Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

21. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture) and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

22. The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

23. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises, including any consent to a plea to a lesser included offense or dismissal of other charges, are contingent on the district court's subsequent acceptance of this plea agreement. If this agreement allows Defendant to plead to a lesser-included offense, Defendant agrees that his original charges will automatically be reinstated and Defendant waives any double jeopardy rights he/she may have with respect to the

greater offense if the court subsequently rejects the parties' plea agreement--even if Defendant declines to withdraw his guilty plea to the lesser-included offense.

24. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States' Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

25. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 U.S.C. § 16901 et. seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that he must notify the relevant registration authority with information relating to intended travel outside the United States. The defendant understands that failure to comply with these obligations subjects the

12

defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

26.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

KYLE G. BUMGARNER
United States Attorney

By:

_____        10/21/2025
Danielle M. Yannelli                    Date
Assistant United States Attorney


    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____        10/21/2025
James Clark                             Date
Defendant


    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____        10/21/2025
Ryan Robey                              Date

13

Counsel for Defendant

KGB:DMY

14